[Civ. No. 18919. Second Dist., Div. One. Mar. 25, 1952.]

Estate of ANNIE COCHEMS, Deceased. PAUL CHARLES COCHEMS et al., Appellants, v. WALTER ANTHONY COCHEMS et al., Respondents.

Nathan Kates and Gerald B. Tannen for Appellants.

C. C. Dillavou for Respondents.

HANSON, J. pro tem.—Respondents move to dismiss the appeal upon two grounds: (1) that the appeal is taken in the names of two minors and not in the name of the guardian *ad litem* who represented them below and (2) that the notice given to the clerk requesting a clerk's and reporter's transcript was not filed with the clerk within 10 days after the appeal was taken, but instead on the 11th day.

In the court below a petition to determine the heirship of the minors in the estate as above entitled was filed by Pauline Cochems as their guardian *ad litem* and upon the allegations thereof issue was joined. A trial having been had the court entered a judgment decreeing that under the terms of the will the two minors, along with their adult sister, were each entitled to only one dollar.

Thereupon counsel who represented the guardian *ad litem*—and through her the minor children—along with the latter's adult sister duly served and filed a notice of appeal. The notice signed by counsel recites that the minors and the adult sister appeal from the judgment rendered in favor of the coexecutors and against appellants. Within 10 days after the appeal was filed counsel for appellants prepared and mailed to the clerk the notice above mentioned requesting the transcripts and likewise mailed a copy of such notice to counsel for respondent coexecutors. The notice, however, did not reach the clerk until the morning of the 11th day after the notice of appeal had been taken whereupon he promptly filed it.

In response to the motion to dismiss, counsel for appellants filed his affidavit stating that through inadvertence in computation he concluded he had until October 26, 1951, instead of October 25th to file with the clerk the notice he prepared and mailed on October 25, 1951. Upon the basis of this affidavit appellants pray they may be relieved for the failure of their counsel to file the notice within the time limited by rule 5 of the Rules on Appeal.

It is true as respondents contend that rule 5 expressly provides that any notice pertaining to the preparation of the record *shall* be served on the respondent and filed with the clerk within 10 days after the filing of the notice of appeal and that by rule 40(d) the word "shall" in rule 5 is made mandatory. Nevertheless, rule 53(b) provides that the "reviewing court for good cause may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal." As there is no showing of prejudice to respondents, we have concluded that under the circumstances of this case, we should exercise our discretion by relieving appellants of the default.

The further contention made by respondents that the appeal is taken in the names of the minors rather than in the name of the guardian *ad litem*, and hence, is ineffective is without merit. A guardian *ad litem* acts not in his own behalf when he seeks to have it established that the minors he represents are entitled to share in an estate, but strictly in their behalf and what is more as a representative of the court. (*Cole v. Superior Court*, 63 Cal. 86, 89 [40 Am.Rep. 78]; *Serway v. Galentine*, 75 Cal.App.2d 86 [170 P.2d 32].) A guardian *ad litem* is not a party to an action, but merely the representative of record of a party. As was said in *Emeric v. Alvarado*, 64 Cal. 529, 593 [2 P. 418]: "There is no change of parties

by the appointment of the guardian *ad litem*. The guardian does not become a party. The infant is the party, and he only appears by the guardian. . . . The guardian . . . is no more a party to the action than the attorney, who appears in an action for one who has attained his majority, is a party to the suit in which he enters his appearance.'' ■ Accordingly, a judgment may not be rendered for or against a guardian *ad litem*, but only for or against the party he represents. ■ Hence, an appeal by the guardian *ad litem* is ineffective unless it can be classed as being the appeal of a party represented by the guardian *ad litem*. (3 C.J. 1033, § 1012.) ■ Moreover, contrary to the contention of the respondents the proceedings below were not conducted in the name of the guardian *ad litem*, but in the names of the minors as appears by the petition reciting ''Comes now, Paul Charles Cochems, Jr., and Mary Martha Cochems, by their Guardian Ad Litem, Pauline Cochems . . .''

The motion to dismiss is denied.

White, P. J., and Doran, J., concurred.