[Civ. No. 48919. First Dist., Div. One. Oct. 23, 1981.]

CHARLES R. ABAR et al., Plaintiffs and Respondents, v.
PAUL D. ROGERS et al., Defendants and Appellants.

**COUNSEL**

James L. Stoelker and John F. Ganong for Defendants and Appellants.

No appearance for Plaintiffs and Respondents.

## OPINION

**ELKINGTON, J.**—In this action plaintiffs Charles R. Abar (hereafter for convenience, Abar) and Elizabeth M. Abar, his wife (hereafter for convenience, Elizabeth), had by an order of the superior court been declared vexatious litigants under Code of Civil Procedure sections 391-391.6. Thereafter in the action, Abar customarily appeared as "Charles R. Abar, pro. per., for Charles and Elizabeth Abar." Abar is not licensed to practice law in the State of California. Elizabeth was not represented in the action pro se, or by a licensed attorney. Defendants Rogers, in the action, moved for a preliminary injunction restraining Abar from engaging in the practice of law in the instant action or in any action for and on behalf of, or by representing, Elizabeth. The superior court denied the motion, and the defendants appeal.

Abar and Elizabeth have chosen not to appear in response to the appeal, in person or by counsel or by filing briefs or otherwise.

Although under no duty so to do (see 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 439-440, pp. 4403-4405), we have elected, ourselves, to independently review the record and apposite law, and otherwise to process the appeal (*id.*). Having done so we conclude that the appeal is meritorious, and that the preliminary injunction should have been granted as applied to the instant action.

We first observe that an order denying a preliminary injunction is an appealable order. (Code Civ. Proc., § 904.1, subd. (f); *Lesser Towers, Inc. v. Roscoe-Ajax Constr. Co.* (1969) 271 Cal.App.2d 675, 693 [77 Cal.Rptr. 100].)

And we are of the opinion that defendants are parties "*aggrieved*" by the order denying the preliminary injunction, and are accordingly entitled to appeal therefrom. (See Code Civ. Proc., § 902.) For doubt would be cast upon the validity of any judgment, order, ruling or stipulation in the action purporting to affect Elizabeth, at a time she may have been unlawfully represented by Abar, and thus in law not represented at all. Any party who feels that he is, or who may be, *aggrieved* by an other-

wise appealable order may appeal therefrom. (*Conservatorship of Stewart* (1969) 276 Cal.App.2d 211, 215 [80 Cal.Rptr. 738]; *Garcia* v. *San Gabriel Ready Mixt* (1959) 173 Cal.App.2d 355, 357 [343 P.2d 327]; and see 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 119, p. 4117.)

■ "'The right to practice law not only presupposes in its possessor integrity, legal standing and attainment, but also the exercise of a special privilege, highly personal and partaking of the nature of a public trust. It is manifest that the powers and privileges derived from it may not with propriety be delegated to or exercised by a nonlicensed person.'" (*McGregor* v. *State Bar* (1944) 24 Cal.2d 283, 288 [148 P.2d 865]; *Townsend* v. *The State Bar* (1930) 210 Cal. 362, 364 [291 P. 837].)

While any person may represent himself, and his own interests, at law and in legal proceedings: "No person shall practice law [for another] in this State unless he is an active member of the state bar." (Bus. & Prof. Code, § 6125.) A violation of this statute is a criminal act. (*Id.*, § 6126.)

Nor is Abar who is (as is Elizabeth) a *plaintiff* of the instant action aided by Code of Civil Procedure section 371, which provides: "If a husband and wife are sued together, each may defend for his or her own right, but if one spouse neglects to defend, the other spouse may defend for that spouse's right also." Here Abar and Elizabeth are the plaintiff suitors.

■ Manifestly, Abar should not have been permitted by the superior court to represent Elizabeth in the instant action thus, in doing so, to practice law.

No error is seen in the superior court's ruling insofar as it denied defendants' motion for a preliminary injunction preventing Abar from representing Elizabeth *in any action.* Moreover, it is doubtful whether defendants are "aggrieved" (see Code Civ. Proc., § 902) as to the propensity, if any, of Abar to conduct himself as he has done here, in *other actions.* The superior court might reasonably have concluded that such matters would be better handled by appropriate public authority, instead of as an incident to ongoing private litigation such as this.

The order denying the preliminary injunction is reversed; the superior court will take such other and further proceedings as are not inconsistent with the views we have expressed.

Racanelli, P. J., and Newsom, J., concurred.