MARQUETTE PRISON WARDEN v MEADOWS

Docket No. 58153. Submitted January 5, 1982, at Detroit.—Decided
March 4, 1982.

Charles W. Meadows, III, while an inmate of Marquette Prison,
assisted Katherine A. Anderson, the wife of a fellow inmate, by
researching, preparing, and typing an amended complaint for
mandamus in a civil rights action Mrs. Anderson instituted
against Theodore Koehler, the prison warden, in Marquette
Circuit Court, adding the Anderson's minor child as a party.
Meadows also sought a court order appointing him as next
friend of the child. He then proceeded to file an appearance as
"attorney in fact" for the minor and to set forth claims for
relief on behalf of both the minor child and Mrs. Anderson.
Koehler, as warden of the prison, brought a motion to strike
the pleadings by Meadows based on Meadows's alleged unau-
thorized practice of law. The motion was denied, Edward A.
Quinnell, J. Koehler then filed a complaint for declaratory
judgment to test whether a next friend or guardian ad litem
may furnish legal consultation and represent a minor by filing
pleadings and appear in court on his behalf although not
licensed to practice law. Defendant filed a motion for acceler-
ated judgment or, in the alternative, summary judgment. Plain-
tiff filed a cross motion for summary judgment. The trial court
granted defendant's motion for summary judgment, holding
that defendant's appointment as next friend allowed him to
represent the minor. Plaintiff appeals. *Held:*

The Michigan Constitution allows a party to proceed in a
legal action *in propria persona* without an attorney. However,
where a person undertakes to represent another in legal pro-
ceedings, that person must be an attorney licensed to practice
law. Until the Supreme Court mandates otherwise, defendant is

REFERENCES FOR POINTS IN HEADNOTES
[1] 21A Am Jur 2d, Criminal Law §§ 993-995.
   Accused's right to represent himself in state criminal proceeding—
   modern state cases. 98 ALR3d 13.
[2] 42 Am Jur 2d, Infants §§ 155-157.
[3] 7 Am Jur 2d, Attorneys at Law § 101.

illegally practicing law by proceeding as an attorney without being an attorney.

Reversed.

1. CONSTITUTIONAL LAW — IN PROPRIA PERSONA — UNAUTHORIZED PRACTICE OF LAW.

The Michigan Constitution allows a party in a legal action to proceed *in propria persona* without an attorney although the unauthorized practice of law in Michigan is prohibited by statute (Const 1963, art 1, § 13; MCL 600.916; MSA 27A.916).

2. COURTS — INFANTS — NEXT FRIENDS.

A court has the power to appoint a next friend for a minor under the age of 14; the next friend should be competent, suitable and solvent since he may be held liable for all costs of litigation (GCR 1963, 201.5).

3. ATTORNEY AND CLIENT — PRACTICE OF LAW.

A person must be an attorney licensed to practice law before he may undertake to represent another in legal proceedings.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Keith D. Roberts,* Assistant Attorney General, for plaintiff.

Charles W. Meadows, III, *in propria persona.*

Before: BASHARA, P.J., and ALLEN and T. M. BURNS, JJ.

PER CURIAM. The primary issue in this case can be simply stated: May a lay person who is appointed a minor's next friend act as the minor's attorney in a judicial proceeding?

Facts relevant to this appeal are that Katherine Anderson filed a complaint for mandamus alleging that her civil rights were violated. Although she appeared *in propria persona,* her husband, who is an inmate of the Marquette State Penitentiary, provided assistance for her.

Mr. Anderson subsequently sought the assistance of fellow inmate Charles Meadows, the defendant herein. Defendant, in accordance with Mr. Anderson's requests, filed an amended complaint adding the Andersons' minor child as a party.

Pursuant to court order, defendant was appointed as next friend of the minor child. He then proceeded to file an appearance as "attorney in fact" for the minor and to set forth claims for relief on behalf of both the minor child and his mother.

The plaintiff brought a motion to strike pleadings based on defendant's alleged unauthorized practice of law. The motion was denied. Plaintiff then filed a complaint for declaratory judgment to test whether a next friend or guardian ad litem may furnish legal consultation and represent a minor by filing pleadings and appear in court on his behalf although not licensed to practice law.

Plaintiff appeals from an order granting summary judgment for defendant, holding that his appointment as next friend allowed him to represent the minor.

Initially, we note that MCL 600.916; MSA 27A.916 prohibits the unauthorized practice of law in Michigan. However, article 1, § 13 of the Michigan Constitution of 1963 allows a party to proceed *in propria persona* without an attorney. GCR 1963, 201.5 authorizes the court to appoint a next friend for a minor under the age of 14. A "next friend" should be competent, suitable and solvent. He may be held liable for all costs of litigation. *Rabidon v Muskegon Circuit Judge,* 110 Mich 297; 68 NW 147 (1896). Although defendant is an obviously intelligent individual, he does not appear to meet the standards referred to above. However, there appears to have been no objection to defendant's

appointment. In view of our holding, it is unnecessary to dwell at length on the issue.

It is true that legal actions should be prosecuted in the name of an infant by the next friend. *Kees v Maxim,* 99 Mich 493; 58 NW 473 (1894). May the next friend proceed as an attorney if he is not an attorney? Although no Michigan cases have decided this specific issue, the answer seems to be in the negative. *In re Rothenberg's Trust,* 136 NJ Eq 530; 42 A2d 767 (1945), holds that a next friend may appear as an attorney if in fact he is an attorney. Likewise, *St Louis Union Trust Co v Conant,* 536 SW2d 789, 797 (Mo App, 1976), held:

"While a court appointed guardian ad litem may employ counsel * * *, often the guardian ad litem is an attorney. In such case, he may 'also act as counsel for his wards * * *'."

In *In re Gordon J,* 108 Cal App 3d 907; 166 Cal Rptr 809 (1980), a minor asked that the public defender be relieved and his father allowed to represent him at his adjudication hearing. Although the public defender was relieved and the minor allowed to represent himself, the court upheld an order prohibiting the father from representing his son because he was not a member of the bar.

These cases suggest, by necessary implication, that where one undertakes to represent another in legal proceedings, that person must be an attorney licensed to practice law.

Furthermore, the Supreme Court of this state has clearly indicated that it is opposed to unauthorized legal practice. See *Grand Rapids Bar Ass'n v Denkema,* 290 Mich 56; 287 NW 377 (1939), and in particular, *State Bar of Michigan v Cramer,* 399 Mich 116; 249 NW2d 1 (1976).

We therefore have no option but to reverse and hold that, until the Supreme Court mandates otherwise, defendant is illegally practicing law.

Reversed, no costs, a public question being involved.