[No. F018643. Fifth Dist. Nov. 30, 1993.]

LARRY POASTER, as Public Guardian, etc., Petitioner, v.
THE SUPERIOR COURT OF STANISLAUS COUNTY, Respondent;
COUNTY OF STANISLAUS, Real Party in Interest.

## COUNSEL

Michael H. Krausnick, County Counsel, and Harry P. Drabkin, Deputy County Counsel, for Petitioner.

No appearance for Respondent.

Daniel E. Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Carol Ann White and Mary Jane Hamilton, Deputy Attorneys General, for Real Party in Interest.

## Opinion

### ARDAIZ, J.—

#### Facts and Procedural History

'The County of Stanislaus brought an action on behalf of Kayla Marie L. (hereinafter Kayla) against Robert Wayne L. (hereinafter Robert) to establish that Robert is the father of Kayla, and to obtain reimbursement from Robert for public assistance moneys allegedly paid by the county for the support of Kayla. Robert, the alleged father, was himself a minor. No one petitioned to be appointed as a guardian ad litem to appear on behalf of Robert in the action. The district attorney therefore petitioned the superior court to have a guardian ad litem appointed to appear on behalf of Robert. The court, acting upon the petition, appointed the Public Guardian of Stanislaus County to be the guardian ad litem of the minor defendant Robert.

The public guardian was given no advance notice of his appointment as Robert's guardian ad litem. After learning of the appointment, the public guardian filed a motion to vacate the appointment. The motion was made upon the ground that the court had no jurisdiction to appoint the public guardian to be Robert's guardian ad litem, and requested that the order of appointment be vacated. The court denied the motion.

The public guardian then petitioned this court for a writ of mandamus directing the superior court to vacate its order denying the public guardian's motion to vacate the appointment. We issued an order to show cause.

#### Discussion

There is no dispute that a minor defendant cannot appear in a civil action except by a guardian of the estate or a guardian ad litem. Code of Civil Procedure section 372 provides in relevant part: "When a minor, an incompetent person, or a person for whom a conservator has been appointed is a party, such person shall appear either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court in which the action or proceeding is pending, or by a judge thereof, in each case. A guardian ad litem may be appointed in any case when it is deemed by the court in which the action or proceeding is prosecuted, or by a judge thereof, expedient to appoint a guardian ad litem to represent the minor, incompetent person, or person for whom a conservator has been appointed, notwithstanding that such person may have a guardian or conservator of the estate and may have appeared by the guardian or conservator of the estate. The guardian or

conservator of the estate or guardian ad litem so appearing for any minor, incompetent person, or person for whom a conservator has been appointed shall have power, with the approval of the court in which the action or proceeding is pending, to compromise the same, to agree to the order or judgment to be entered therein for or against the ward or conservatee, and to satisfy any judgment or order in favor of the ward or conservatee or release or discharge any claim of the ward or conservatee pursuant to such compromise."

The terms "guardian" and "guardian of the estate" and "guardian ad litem" are not expressly defined by any California statute. One of the purposes of California's "Guardianship-Conservatorship Law" (Prob. Code, § 1400 et seq.) was "to limit guardianships to minors and to retain conservatorships for adults." (14 Cal. Law Revision Com. Rep. (Dec. 1978) p. 509; see also 12 Witkin, Summary of Cal. Law (9th ed. 1990) Wills and Probate, § 821.) Black's Law Dictionary (6th ed. 1990) page 706, defines "guardian" as "A person lawfully invested with the power, and charged with the duty, of taking care of the person and managing the property and rights of another person, who, for defect of age, understanding, or self-control, is considered incapable of administering his own affairs. One who legally has responsibility for the care and management of the person, or the estate, or both, of a child during its minority." Black's Law Dictionary also points out that: "A *general* guardian is one who has the general care and control of the person and estate of a ward; while a *special* guardian is one who has special or limited powers and duties with respect to a ward, *e.g.*, a guardian who has the custody of the estate but not of the person, or vice versa, or a guardian *ad litem*." (*Ibid*.)[1] A "guardian ad litem" is ". . . a special guardian appointed by the court in which a particular litigation is pending to represent an infant, ward or unborn person in that particular litigation, and the status of guardian ad litem exists only in that specific litigation in which the appointment occurs." (Black's Law Dict., *supra*, p. 706.)

The procedure by which a guardian ad litem is appointed for a minor defendant is set forth in Code of Civil Procedure section 373, which states in relevant part:

"When a guardian ad litem is appointed, he or she shall be appointed as follows:

". . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] Probate Code section 2401, subdivision (a), points out that a guardian of the estate "has the management and control of the estate . . . ." (See also Prob. Code, § 2400, subd. (b); and 1 Johnstone & House, Cal. Conservatorships and Guardianships (1993) §§ 2.33 & 2.37.) Similarly, Probate Code section 2351, subdivision (a), states that a guardian of the person "has the care, custody, and control of, and has charge of the education of, the ward . . . ." (See also Prob. Code, § 2350, subd. (b); and 1 Johnstone & House, *supra*, at § 2.30.)

"(b) If the minor is the defendant, upon the application of the minor, if the minor is of the age of 14 years, and the minor applies within 10 days after the service of the summons, or if under that age, or if the minor neglects to apply, then upon the application of a relative or friend of the minor, or of any other party to the action, or by the court on its own motion."

Petitioner contends that the superior court exceeded its powers in appointing the public guardian as a guardian ad litem for a minor defendant in this action. We disagree.

Government Code section 27430 authorizes a county board of supervisors to create the office of public guardian.[2] The public guardian's duties are described in Probate Code section 2920, which states:

"If any person domiciled in the county requires a guardian or conservator and there is no one else who is qualified and willing to act and whose appointment as guardian or conservator would be in the best interest of the person:

"(a) The public guardian may apply for appointment as guardian or conservator of the person, the estate, or the person and estate.

"(b) The public guardian shall apply for appointment as guardian or conservator of the person, the estate, or the person and estate, if the court so orders. The court may make an order under this subdivision on motion of an interested person or on the court's own motion in a pending proceeding or in a proceeding commenced for that purpose. The court shall not make an order under this subdivision except after notice to the public guardian for the period and in the manner provided in Chapter 3 (commencing with Section 1460) of Part 1, consideration of the alternatives, and a determination by the court that the appointment is necessary. The notice and hearing under this subdivision may be combined with the notice and hearing required for appointment of a guardian or conservator."[3]

Petitioner argues that because subdivisions (a) and (b) of Probate Code section 2920 use the phrase "guardian . . . of the person, the estate, or the person and the estate," the court is powerless to appoint a public guardian to serve only in the limited capacity of a guardian ad litem. We do not agree. In

[2]Subdivision (a) of Government Code section 27430 states: "In any county the board of supervisors may by ordinance create the office of public guardian and subordinate positions which may be necessary and fix compensation therefor."

[3]Probate Code section 2900, not applicable here, expressly permits the public guardian to take possession or control of property of a minor in some circumstances even before the public guardian is appointed as guardian of the minor's estate, so long as the public guardian intends to apply for appointment.

our view, when a minor has had a "guardian of the estate" appointed to manage the minor's estate, the precise reason why Code of Civil Procedure section 372 expressly allows the minor to "appear . . . by" that guardian, without the additional appointment of a guardian ad litem, is that the guardian of the estate already possesses the powers of a guardian ad litem. The powers held by a guardian ad litem to act on behalf of a minor in a civil action are included within the powers held by guardian of the estate to manage the minor's financial affairs. Because the court unquestionably has the power, under Probate Code section 2920, to appoint the public guardian to serve as a guardian of the minor's estate, we conclude that the court also has the power to appoint the public guardian to exercise a portion of the powers of a guardian of the estate (namely the powers of a guardian ad litem) under the appropriate circumstances.[4]

Further, petitioner appears to conclude that the terms "guardian" and "guardian ad litem" are separate legal entities. However, the designation of "ad litem" appended to the designation of guardian generally defines the powers or obligations of the guardian. ██ ██ In effect, the designation of a guardian ad litem is the appointment of a guardian with limited powers.[5] Thus, the definition of a guardian ad litem is one form of a special guardian which is a guardian with limited powers. (Black's Law Dict., *supra*, at p. 706). The form of the designation generally defines the powers. This is illustrated by other special guardians. For example, a "guardian by appointment of court" was, at common law, a guardian who had "custody of the infant until the attainment of full age." (Black's Law Dict. (rev. 4th ed. 1968) at p. 834.) A "guardian by nature" was "the father, and, on his death, the mother, of a child." (Black's Law Dict. (6th ed. 1990) at p. 706.) This guardianship extended "only to the custody of the person of the child to the age of majority." (*Ibid.*) A "guardian for nurture" was "the father, or, at his decease, the mother of a child." (*Id.* at p. 707.) This kind of guardianship "at common law extended only to the person, and ended when the infant arrived at the age of fourteen." (*Ibid.*)[6] Therefore, we determine the word "guardian" in the first clause of Probate Code section 2920 can thus be construed as

[4]For a discussion of the powers held by a guardian ad litem, see, in addition to Code of Civil Procedure section 372 itself, *Berry* v. *Chaplin* (1946) 74 Cal.App.2d 652, 657-658 [169 P.2d 442], *J. W.* v. *Superior Court* (1993) 17 Cal.App.4th 958, 964-965 [22 Cal.Rptr.2d 527], and 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, sections 65 and 66. We recognize that, just as Code of Civil Procedure section 372 itself states, a court may in some circumstances appoint a guardian ad litem even though a minor of the guardian's estate has already been appointed.

[5]"Ad litem" means "[f]or the suit; for the purposes of the suit; pending the suit." (Black's Law Dict., *supra*, at p. 43.)

[6]Another purely historical example of limited powers by designation was a "guardian in chivalry." This special guardianship arose as the result of service to a knight. "In the tenure by knight's service, in the feudal law, if the heir of the feud was under the age of twenty-one,

including within it the term "guardian ad litem," to the extent the guardian's powers are so restricted.

We also emphasize that any appointment of a public guardian as guardian ad litem should comply with the procedural requirements of Probate Code section 2920, as well as with the more general procedural requirements (for appointment of any guardian ad litem) of Code of Civil Procedure section 373.[7] Finally, we deem it prudent to mention that this petition for extraordinary relief does not raise, and we expressly do not address, the issue of when a minor's natural parent may be excused from acting as guardian ad litem in favor of a public guardian.

The order to show cause is discharged. The petition is denied.

Stone (W. A.), Acting P. J., and Vartabedian, J., concurred.

---

being a male, or fourteen, being a female, the lord was entitled to the wardship (and marriage) of the heir, and was called the 'guardian in chivalry.' This wardship consisted in having the custody of the body and lands of such heir, without any account of the profits." (*Ibid.*) There does not appear to be much call for such a special guardianship under our present system.

[7]Probate Code section 2920, subdivision (b), provides as noted in pertinent part: "The court shall not make an order under this subdivision except after notice to the public guardian for the period and in the manner provided in Chapter 3 (commencing with Section 1460) of Part 1 . . . ." The petition does not challenge the appointment here on lack of notice. We do not, therefore, address whether there may be any deficiency in the procedure followed. Rather, petitioner rests his challenge upon the power of the court generally.