72 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brenda RABBITT, by and through her Guardian ad litem;
Elizabeth ADAMS, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-15928.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Oct. 19, 1995.
Decided: Nov. 15, 1995.
 
 Before: SCHROEDER, FLETCHER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is an appeal from the district court's denial of a Federal Rule of Civil Procedure 60(b) motion for post judgment relief, following the district court's dismissal of plaintiff's Federal Tort Claims Act complaint for failure to file within the applicable statute of limitations. We review the district court's decision on Rule 60(b) motions for an abuse of discretion. Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir.1991). Our review is limited only to the district court's denial of the Rule 60(b) motion, and not to the underlying judgment. Browder v. Director, Department of Corrections, 434 U.S. 257 (1978); Hayward v. Britt, 572 F.2d 1324 (9th Cir.1978). The single question that we need to decide on this appeal is whether the district court should have granted that motion on the ground that the statute of limitations did not begin to run until the district court recognized Elizabeth Ann Adams as Brenda Rabbitt's guardian ad litem for purposes of this litigation.
 
 
 3
 It is undisputed that the accident that rendered Brenda Rabbitt incompetent occurred in 1986 and that this litigation was not filed in district court until 1993. Adams was appointed guardian ad litem in the Superior Court of the State of California and unsuccessfully pursued a state tort action against the State of California. We have held that a plaintiff's cause of action in circumstances materially similar to this does not accrue under the FTCA until the court appoints a guardian who has a legal duty to file suit. Washington v. United States, 769 F.2d 1436, 1439 (9th Cir.1985); Zavala By and Through Ruiz v. United States, 876 F.2d 780, 783 (9th Cir.1989).
 
 
 4
 The government contends that Adams had a legal duty to institute this action when she was appointed as a guardian in the state court. Under California law, however, a guardian ad litem has been defined as " ' ... a special guardian appointed by the court in which a particular litigation is pending to represent an infant, ward or unborn person in that particular litigation, and the status of guardian ad litem exists only in that specific litigation in which the appointment occurs.' " Poaster v. Superior Court, 24 Cal.Rptr.2d 582, 584 (Cal.Ct.App.1993) (quoting Black's Law Dictionary); see also 35 Cal.Jur.3d (Rev.), Part 2, Guardianship and Conservatorship Sec. 345. Because Adams was appointed only for purposes of pursuing the California litigation, she had no duty or authority to pursue this litigation until the district court recognized her as a guardian in this case. That duty did not exist until the district court recognized her as a guardian in this case. Therefore Rabbitt's cause of action did not accrue until that time.
 
 
 5
 Thus, the district court abused its discretion by resting its decision on a clearly erroneous finding that a guardian ad litem had been appointed for the purposes of Rabbitt's FTCA litigation. Memorandum and Order, April 7, 1994, p. 5 (E.R. at 109). The district court's dismissal must therefore be REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3