Filed 9/26/13  Openiano v. First American Title CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| RENATO OPENIANO et al., | D061414 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2010-00093820-CU-BC-CTL) |
| FIRST AMERICAN TITLE COMPANY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, William S. Dato, Judge.  Affirmed.

Renato Openiano, in pro. per., for Plaintiff and Appellant.

Melvin Zaragoza, in pro. per., for Plaintiff and Appellant.

Andersen Hilbert & Parker, John F. Hilbert and Jeremy G. Tolchin for Defendant and Respondent.

Renato Openiano and Melvin Zaragoza (together Appellants) appeal from a judgment entered after the trial court sustained a demurrer to their operative complaint without leave to

amend on the ground the action was untimely filed. Appellants contend the trial court erred in granting the demurrer and by not allowing leave to amend. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In accordance with our standard of review, we recite the facts alleged in Appellants' operative complaint. (*Moe v. Anderson* (2012) 207 Cal.App.4th 826, 828.)

Openiano worked as a real estate agent for Tibro Realty (Tibro). He represented Zaragoza and Alfonso Limtengco in the purchase of two condominium units. Defendant First American Title Company (First American) acted as the escrow agent for the transactions. The purchase agreements for the condominiums contained a provision increasing the price for the properties by $30,000, with the price increases to be converted to bonuses payable to Tibro. In turn, Tibro would pay most of each bonus to Openiano. To thank his clients for taking an extra $30,000 in debt, Openiano would give them a flat screen television. Escrow closed for these transactions on June 26 and September 28, 2007. Appellants allege that the bonuses were not paid, and as a consequence, Openiano did not provide the promised televisions. Appellants claim that others learned about Openiano's broken promises and that Openiano's real estate career has been ruined.

In 2008, Openiano retained counsel and sued First American and the sellers about six and nine months after the close of the respective escrows. In 2010, Openiano dismissed that action without prejudice. Openiano later filed three separate actions that were consolidated and transferred to one judge. Openiano then filed a single pleading consolidating all allegations. The operative complaint contains 22 causes of action

2

against multiple defendants and spans 159 pages. Nonetheless, the gravamen of the complaint, as it relates to First American, is that First American failed to ensure that the $30,000 bonus was paid at the close of escrow.

First American demurred on a number of grounds, including that the one-year contractual limitations clause in the escrow contracts barred Appellants' claims. The trial court sustained the demurrer and entered a judgment in favor of First American. Appellants timely appealed.

## DISCUSSION

### I. *Standard of Review*

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.] The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken. [Citations.]' [Citation.]" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966–967.) The plaintiff has the burden of proving that an amendment would cure the defect. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

### II. *Analysis*

A. General Legal Principles

Before tackling any substantive issues that may have been raised by Appellants, we address some general legal principles that govern our review of this appeal. Although

3

Appellants are representing themselves in this litigation, the rules of civil procedure apply with equal force to self-represented parties as they do to those represented by attorneys. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.) A litigant "appearing in propria persona, . . . is entitled to the same, but no greater, consideration than other litigants and attorneys." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638; see also *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) For any appellant, "[a]ppellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations.]'" (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) "We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

Additionally, as a general rule, we will consider only the points raised in the trial court. (*Perez v. Grajales* (2008) 169 Cal.App.4th 580, 591–592 [arguments raised for the first time on appeal are deemed forfeited].) Although this court can use its discretion to consider an argument for the first time on appeal, the argument must involve a pure question of law determinable from uncontroverted facts. (*Phillips v. TLC Plumbing, Inc.* (2009) 172 Cal.App.4th 1133, 1141.) Finally, it is well settled that a contention made for the first time in an appellant's reply brief, unaccompanied by any reason for its omission from the opening brief, is ordinarily deemed waived and disregarded on appeal because considering it either deprives the respondent of an opportunity to answer it or requires the

4

effort and delay of an additional brief by permission. (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764–765.)

B. Limtengco and the Servicemembers Civil Relief Act

The operative complaint is signed by Openiano and Zaragoza, not Limtengco. Accordingly, while Limtengco signed the opening brief and purports to be an appellant, he is not a party to this action. (*Drake v. Superior Court* (1994) 21 Cal.App.4th 1826, 1830 ["By definition, one cannot appear in 'propria' persona for another person."]; see *Abar v. Rogers* (1981) 124 Cal.App.3d 862, 865 ["While any person may represent himself, and his own interests, at law and in legal proceedings: 'No person shall practice law [for another] in this State unless he is an active member of the state bar.' (Bus. & Prof. Code, § 6125.)"].)

The Servicemembers Civil Relief Act (50 U.S.C. Appen. § 501 et seq., the Act) "provide[s] for the temporary suspension of judicial . . . proceedings . . . that may adversely affect the civil rights of servicemembers during their military service." (*Id.* at § 502(2).) Under the Act, "the period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court . . . ." (*Id.* at § 526.)

The operative complaint alleges that Limtengco was a servicemember on active duty for some unspecified time and that he assigned all his "rights and claims" to Openiano at some unspecified time. To avoid the contractual limitations clause, discussed below, Appellants appear to assert that Openiano is entitled to toll the running of the limitations period under the Act. Appellants, however, provided no authority for

5

their assertion that a servicemember can "assign" the tolling of a limitations period and we have found no such authority to support this assertion.

C.  This Action is Untimely

The sellers, and Zaragoza and Limtengco as the buyers agreed that "[n]o action shall lie against Escrow Holder for any claim, loss, liability or alleged cause of action of any kind or nature whatsoever, however caused or occurred, under this escrow or in connection with the handling or processing of this escrow unless brought within twelve (12) months after the Close of Escrow."  The buyers initialed the page in their respective contracts containing this provision to acknowledge that they read and understood the provision.

Here, escrow closed for the transactions on June 26 and September 28, 2007. Accordingly, any claim in connection with the escrow for these transactions needed to be filed within 12 months, or by June 25 and September 29, 2008.  Appellants, however, did not file this action until 2010.  Thus, the trial court properly sustained the demurrer without leave to amend as untimely filed.

To avoid this result, Appellants tender numerous arguments in their opening and reply briefs.  Appellants' arguments are, at times, difficult to decipher.  Nevertheless, we have attempted to extract what we perceive as their essential arguments and address them below.

D.  Validity of the Limitations Period

"Under California law parties may agree to a provision shortening the statute of limitations, 'qualified, however, by the requirement that the period fixed is not in itself

6

unreasonable or is not so unreasonable as to show imposition or undue advantage. [Citations.]' [Citations.]" (*Charnay v. Cobert* (2006) 145 Cal.App.4th 170, 183.) Reasonable means the shortened period "provides sufficient time to effectively pursue a judicial remedy." (*Moreno v. Sanchez* (2003) 106 Cal.App.4th 1415, 1430.) Whether the allegations of the complaint show that the contractual limitation period is unreasonable presents a question of law that can be resolved on demurrer. (*Charnay v. Cobert*, at p. 183 ["[R]equiring a client to assert a claim for breach of contract against her attorney within 10 days of receipt of a billing statement is inherently unreasonable." (Boldface omitted.)]; compare *Tebbets v. Fidelity and Casualty Co.* (1909) 155 Cal. 137, 139 [six-month period not unreasonable].) We agree with the trial court that the 12-month contractual limitations period is not unreasonable as the failure to pay the bonuses should have been obvious within a short period after escrow closed.

Appellants argue that the contractual limitations provision constitutes an exculpatory clause that is unenforceable under Civil Code section 1668. (Undesignated statutory references are to the Civil Code.) This statute states, "All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law." The contractual limitations provision does not exempt any party to the contract from its own fraud, willful injury or violation of law; rather, it sets forth a time period in which any claim in connection with the handling or processing of the escrow must be filed. If we were to accept Appellants' argument, then all contractual limitations clauses would be unenforceable. Simply put,

7

the contractual limitations provision is not an exculpatory clause that is unenforceable under section 1668.

In their operative complaint, Appellants alleged that the contractual limitations clause is not enforceable because it is unconscionable. The trial court examined both procedural and substantive unconscionability and concluded that the contractual limitations clause was not unconscionable. On appeal, Appellants do not challenge this portion of the trial court's ruling. Accordingly, Appellants have waived any assertion that the contractual limitations clause is unconscionable. (*Nelson v. Avondale Homeowners Assn.*, *supra*, 172 Cal.App.4th at p. 862.)

E. The Consumers Legal Remedies Act

The Consumers Legal Remedies Act (§ 1750 et seq., CLRA) was enacted "to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." (§ 1760.) The CLRA proscribes 25 specific "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." (§ 1770, subd. (a)(1)–(25).) "Goods" are defined as "tangible chattels bought or leased for use primarily for personal, family, or household purposes." (§ 1761, subd. (a).) "Services" are defined as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." (§ 1761, subd. (b).)

The operative complaint does not include a cause of action alleging a violation of the CLRA. Accordingly, we construe Appellants mention of the CLRA as a request for

8

leave to amend to add such a claim. As a threshold matter, Appellants did not request leave to amend to add a claim under the CLRA below. Accordingly, they forfeited the right to do so in this appeal. (*Perez v. Grajales*, *supra*, 169 Cal.App.4th at pp. 591–592.) Nonetheless, in the interests of justice, we exercise our discretion to consider whether Appellants can allege a valid claim for violation of the CLRA under these facts.

Significantly, the CLRA applies to transactions "intended to result or which results in the sale or lease of goods or services to any consumer." (§ 1770, subd. (a).) The CLRA specifically provides that "[t]he provisions of this title shall not apply to any transaction which provides for the . . . sale, . . . of an entire residence . . . , with or without a parcel of real property or an interest therein, . . . ." (§ 1754.) Here, the transaction at issue involved the sale of real property, not the sale of goods or services; thus, the CLRA does not apply and Appellants cannot allege a valid claim for violation of the CLRA. (*McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1465–1467, 1488 [defendant's actions related to mortgage loan were undertaken in transactions resulting in the sale of real property, thus the CLRA did not apply].)

### III.  *Requests for Judicial Notice*

First American's request for judicial notice regarding a subsequent action filed by Appellants and Limtengco is granted. (Evid. Code, § 452, subd. (d).)

Appellants' third request for judicial notice of certain statutes and particular cases is granted. (Evid. Code, § 451, subd. (a).)

Appellants' fourth request for judicial notice of certain state and federal statutes is granted. (Evid. Code, §§ 451, subd. (a), 452, subd. (a).)

9

Appellants' seventh request for judicial notice of exhibit 1, the grant deeds for Zaragoza and Limtengco is granted.  (Evid. Code, § 452, subd. (h).)  Their request for judicial notice of exhibit 2, a declaration and document signed by a nonparty is denied. (*Donabedian v. Mercury Ins. Co.* (2004) 116 Cal.App.4th 968, 994 [court cannot consider "the substance of declarations [and] matter not subject to judicial notice"].)

Appellants' eighth request for judicial notice of certain documents in a different action and a declaration regarding Limtengco's military service is denied; they have little or no relevance to this action.

DISPOSITION

The judgment is affirmed.  Respondent is entitled to its costs on appeal.


McINTYRE, J.

WE CONCUR:

NARES, Acting P. J.

McDONALD, J.

10