IN RE INTEREST OF M.M., C.M., AND D.M., CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. C.M., APPELLANT.
431 N.W.2d 611

Filed November 18, 1988.   Nos. 88-361, 88-362, 88-367.

Mark M. Sipple, of Luckey, Sipple, Hansen, Emerson & Schumacher, for appellant.

Frank J. Skorupa, guardian ad litem.

No appearance for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is an appeal from the orders of the county courts for Butler and Seward County, Nebraska, terminating the parental

rights of the appellant to her three children.

The petition for termination, which was filed January 13, 1987, alleged in part that the appellant was "afflicted with a bipolar disorder with a manic-depressive phase complicated by a possible anti-social tendency and symptoms of multiple psychological difficulty." The petition also alleged that the appellant "is at times overcome by a delusional process which aggravates the potential for anti-social behavior and is complicated by grandiose thinking, a total lack of insight into her problems and a complete refusal to obtain meaningful therapy." The petition further alleged that the appellant "is unable to parent due to mental illness or mental deficiency and there are reasonable grounds to believe the conditions precenting [sic] her from parenting will continue for a prolonged and indeterminate period."

Neb. Rev. Stat. § 43-292 (Reissue 1984) provides in part: "When termination of the parent-juvenile relationship is sought under subdivision (5) of this section, the court shall appoint a guardian ad litem for the alleged incompetent parent." Subdivision (5) of the statute relates to parents unable to discharge "parental responsibilities because of mental illness or mental deficiency and there are reasonable grounds to believe that such condition will continue for a prolonged indeterminate period."

In *Orr v. Knowles*, 215 Neb. 49, 51-53, 337 N.W.2d 699, 701-03 (1983), in response to questions certified to this court by the U.S. District Court, we stated:

> A review of Nebraska law indicates that there is no clear statement of what the duties or role of a guardian ad litem is. Several Nebraska statutes dealing with minors provide for the appointment of guardians ad litem.
>
> . . . .
>
> Generally speaking, a guardian ad litem appears to be an individual who steps into the position of the minor and, after considering the alternatives, asserts the right of the minor as the guardian ad litem sees fit. . . .
>
> . . . .
>
> It seems from these statutes and this general discussion that the role of a guardian ad litem is something akin to the

role of an attorney acting as legal counsel, but it is somewhat different. The Code of Professional Responsibility establishes that an attorney must zealously represent the wishes of his or her client. See Canon 7. It is not the role of an attorney acting as counsel to independently determine what is best for his client and then act accordingly. Rather, such an attorney is to allow the client to determine what is in the client's best interests and then act according to the wishes of that client within the limits of the law. EC 7-7.

In response to this first question, based upon the above discussion, we feel the duties and responsibilities of a guardian ad litem, as provided under § 28-347(2), are *not* coextensive with those of an attorney who might represent a minor in proceedings under this section. A guardian ad litem is to determine the best interests of the minor without necessary reference to the wishes of the minor.

Although the appellant in these cases has been represented by appointed counsel throughout the proceedings, it is the opinion of the court that the appointment of a guardian ad litem under § 43-292 is mandatory and that the failure to appoint a guardian ad litem for the appellant in these cases is plain error which requires that the judgments be reversed.

The judgments are reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

BOSLAUGH, J., dissenting.

The failure of the trial court to appoint a guardian ad litem for the appellant in these cases was plain error, but I am unable to discern how it could in any way have been prejudicial to the appellant.

The appellant has been represented throughout this proceeding by appointed counsel. I do not believe the appellant, under the circumstances in these cases, would have benefited in any way by the appointment of another lawyer at public expense.

HASTINGS, C.J., joins in this dissent.