**AID ASSOCIATION FOR LUTHERANS, A Wisconsin Corporation, Plaintiff,**

v.

**Valerie J. KNOBEL–GLASGOW, et al., Defendants.**

**No. CV89–L–22.**

United States District Court, D. Nebraska.

April 21, 1989.

privilege at a deposition taken in a wrongful

Theodore D. Fraizer, Lincoln, Neb., for plaintiff.

Richard L. Schmeling and Rocky C. Wever, Lincoln, Neb., for defendants.

John McHenry, Conservator, Lincoln, Neb.

## MEMORANDUM AND ORDER ON APPEAL OF MAGISTRATE'S ORDER

URBOM, District Judge.

On March 29, 1989, the magistrate refused the motion of the guardian ad litem to retain legal counsel. The guardian ad litem has appealed.

The guardian ad litem's argument is based upon two cases from the Supreme Court of Nebraska: *Orr v. Knowles*, 215 Neb. 49, 337 N.W.2d 699 (1983) and *In re Interest of M.M., C.M., and D.M.*, 230 Neb. 388, 431 N.W.2d 611 (1988). Those cases, however, do not stand for the proposition that a guardian ad litem needs to have counsel appointed in this case or a similar case. In the *Orr* case, the court was construing a specific Nebraska statute relating to abortions upon minors. A distinction was drawn between duties and responsibilities of a guardian ad litem and those of an attorney. Nonetheless, the court quoted with apparent approval from 43 C.J.S. *Infants* § 234 at 610 (1978):

> [A guardian ad litem] is more than a nominal representative appointed to levy action.

counsel and consult with the trial court, *and he has all the duties, powers, and responsibilities of counsel who represents a party to litigation.*" (Emphasis added.)

In the case having to do with *M.M., C.M., and D.M.,* the court again was dealing with a Nebraska statute saying that in proceedings for termination of parental rights of a parent allegedly incompetent because of mental illness or deficiency, "the court shall appoint a guardian ad litem for the alleged incompetent parent." The court simply found that, although the parent had been represented by appointed counsel, the appointment of a guardian ad litem under the statute was mandatory and the failure to appoint a guardian ad litem was reversible error. The opinion does not say that in the converse situation, if a guardian ad litem had been appointed, an attorney would also be required. Justice Boslaugh in dissent, failed to see how the parent "would have benefited in any way by the appointment of another lawyer at public expense."

It seems to me that the guardian ad litem in this case is quite able to represent the interest of the minors before this court. There is no conflict of interest. I think Black's Law Dictionary (Fifth Edition) accurately defines the duties here by saying that a guardian ad litem is "a guardian appointed to prosecute or defend a suit on behalf of a party incompacitated by infancy or otherwise."

IT IS ORDERED that the appeal of the magistrate's order, filing 18, is denied.