778 N.W.2d 759 (2010)
18 Neb. App. 259
In re Interest of PRESTEN O., a child under 18 years of age.
State of Nebraska, appellee,
v.
Crystal W., appellant.
In re Interest of Porsha O., a child under 18 years of age.
State of Nebraska, appellee,
v.
Crystal W., appellant.
Nos. A-09-623, A-09-624.
Court of Appeals of Nebraska.
February 9, 2010.
*760 Joel B. Jay for appellant.
Douglas D. Palik, Deuel County Attorney, for appellee.
INBODY, Chief Judge, and IRWIN and CARLSON, Judges.
PER CURIAM.

I. INTRODUCTION
The county court for Deuel County, Nebraska, sitting as a juvenile court, entered orders terminating Crystal W.'s parental rights to her minor children. The court found that termination of Crystal's parental rights was warranted because she was unable to discharge her parental responsibilities due to her mental condition, because she had failed to comply with ordered plans of rehabilitation, and because her children had been in an out-of-home placement for 15 or more months of the most recent 22 months. The court also found that termination of Crystal's parental rights was in the children's best interests. Crystal appeals the court's order. On appeal, Crystal is challenging the statutory grounds for termination of her parental rights and the county court's finding that termination of her parental rights is in the children's best interests.
Upon our de novo review of the record, we find that the county court erred in failing to appoint Crystal a guardian ad litem for the court proceedings pursuant to Neb.Rev.Stat. § 43-292.01 (Reissue 2008). While Crystal does not raise this issue in her appeal to this court, we conclude that the court's failure to appoint a guardian ad litem is plain error. We reverse the county court's orders terminating Crystal's parental rights and remand the matter for further proceedings.

II. BACKGROUND
These proceedings involve two children: Presten O. (also referred to as "Preston" in the record), born in December 2005, and Porsha O. (also referred to as "Portia" in the record), born in May 2007. Crystal is the biological mother of both Presten and Porsha.
In April 2007, Presten was removed from Crystal's care after Presten was diagnosed for the second time with failure to thrive. Crystal became upset about the diagnosis and began to clutch Presten so tightly that she left red marks on his abdomen. Crystal then locked herself and Presten in a hospital bathroom until police arrived.
At the time Presten was removed, Crystal was pregnant with Porsha. She gave birth to Porsha in May 2007. Because of the incident surrounding Presten's removal and because of concerns regarding Crystal's mental health, Porsha was immediately removed from Crystal's care. Presten and Porsha have not been returned to Crystal's care since they were removed.
Our record does not include any filings prior to the State's motions for termination of parental rights. However, there is an indication in the record that in June and September 2007, respectively, Presten and Porsha were adjudicated as children within the meaning of Neb.Rev.Stat. § 43-247(3)(a) (Cum.Supp.2006). There is also an indication in the record that the county court adopted the rehabilitation plans recommended by the Department of Health and Human Services and ordered Crystal to comply with the tenets of the rehabilitation *761 plans. As a part of the plans, Crystal was required to submit to a psychological examination and a parenting assessment, to manage her psychotropic medication, to participate in supervised visitations with the children and a family support worker, and to attend individual therapy.
In addition, Crystal was ordered to submit to a competency evaluation. The competency evaluation revealed that Crystal was competent to understand the legal proceedings and indicated that Crystal should have consequences for any failure to act appropriately in the courtroom. Based on the findings and conclusions of the competency evaluation, the county court did not appoint a guardian ad litem for Crystal.
On January 7, 2009, the State filed motions to terminate Crystal's parental rights to Presten and Porsha. In the motions, the State alleged that Presten and Porsha were children within the meaning of Neb. Rev.Stat. § 43-292(5), (6), and (7) (Reissue 2008). The State also alleged that it would be in the children's best interests if Crystal's parental rights were terminated.
On April 28 and May 20, 2009, a hearing was held on the State's motions for termination of parental rights. While we have reviewed the bill of exceptions from this hearing in its entirety, we do not detail the extensive evidence offered here. We will set forth the specific facts as presented at the hearing as necessary in our analysis below.
At the conclusion of the termination hearing, the county court found that the State had proved by clear and convincing evidence that Presten and Porsha were children within the meaning of § 43-292(5), (6), and (7). The court also found that it would be in the children's best interests if Crystal's parental rights were terminated. The court then entered orders terminating Crystal's parental rights to Presten and Porsha.
Crystal appeals from the county court's orders here.

III. ASSIGNMENTS OF ERROR
On appeal, Crystal alleges that the county court erred in finding that the State proved the statutory factors for termination of her parental rights under § 43-292(5), (6), and (7) and finding that termination of her parental rights was in the children's best interests.

IV. ANALYSIS

1. STANDARD OF REVIEW
Juvenile cases are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the juvenile court's findings. In re Interest of Jagger L., 270 Neb. 828, 708 N.W.2d 802 (2006). When the evidence is in conflict, however, an appellate court may give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over the other. Id.
For a juvenile court to terminate parental rights under § 43-292, it must find that one or more of the statutory grounds listed in this section have been satisfied and that termination is in the child's best interests. See In re Interest of Jagger L., supra. The State must prove these facts by clear and convincing evidence. Id. Clear and convincing evidence is that amount of evidence which produces in the trier of fact a firm belief or conviction about the existence of the fact to be proven. Id.

2. APPOINTMENT OF GUARDIAN AD LITEM
Crystal's assignments of error on appeal focus on the sufficiency of the evidence to prove the statutory factors *762 warranting termination of her parental rights and to prove that termination of her parental rights is in the children's best interests. Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. In Interest of D.W., 249 Neb. 133, 542 N.W.2d 407 (1996). Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. In re Interest of Markice M., 275 Neb. 908, 750 N.W.2d 345 (2008); In re Interest of Mainor T. & Estela T., 267 Neb. 232, 674 N.W.2d 442 (2004); In Interest of D.W., supra. Upon our de novo review of the record, we find that the county court's failure to appoint a guardian ad litem for Crystal is plain error.
The State alleged and the county court found that termination of Crystal's parental rights was warranted because she was unable to discharge her parental responsibilities due to her mental condition, pursuant to § 43-292(5); because she had failed to comply with ordered plans of rehabilitation, pursuant to § 43-292(6); and because her children had been in an out-of-home placement for 15 or more months of the most recent 22 months, pursuant to § 43-292(7).
Section 43-292.01 provides, in part, "When termination of the parent-juvenile relationship is sought under subdivision (5) of section 43-292, the court shall appoint a guardian ad litem for the alleged incompetent parent." The Nebraska Supreme Court has previously held that the language in § 43-292.01 requiring appointment of a guardian ad litem is mandatory and that the failure to appoint a guardian ad litem is plain error which requires reversal of the order terminating the parent's rights. See In re Interest of M.M., C.M., and D.M., 230 Neb. 388, 431 N.W.2d 611 (1988) (analyzing language in § 43-292 (Reissue 1984), which is virtually identical to language in § 43-292.01).
Here, the State sought termination of Crystal's parental rights based, in part, on her mental condition and § 43-292(5). As a result, the appointment of a guardian ad litem for Crystal was mandatory. The county court did not appoint Crystal a guardian ad litem, and such omission constitutes plain error. We reverse the county court's orders terminating Crystal's parental rights and remand the matter for further proceedings.

V. CONCLUSION
Because the county court failed to appoint a guardian ad litem for Crystal pursuant to § 43-292.01, we reverse the orders terminating Crystal's parental rights to her minor children and remand the matter for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
IRWIN, Judge, concurring.
I concur with the conclusion of the majority that the county court's failure to appoint Crystal a guardian ad litem pursuant to Neb.Rev.Stat. § 43-292.01 (Reissue 2008) constitutes plain error. I do not agree that such error prejudiced Crystal in any way, but I am compelled to concur in the majority's ultimate decision to reverse the orders terminating Crystal's parental rights because the Nebraska Supreme Court held in In re Interest of M.M., C.M., and D.M., 230 Neb. 388, 431 N.W.2d 611 (1988), that the failure to appoint a guardian ad litem pursuant to § 43-292.01 is plain error which requires reversal, implying that such failure constitutes prejudice per se.
*763 In In re Interest of M.M., C.M., and D.M., the Nebraska Supreme Court found that "`the duties and responsibilities of a guardian ad litem ... are not coextensive with those of an attorney....'" 230 Neb. at 390, 431 N.W.2d at 612-13 (emphasis omitted). The court went on to find that although the parent was represented by appointed counsel throughout the court proceedings, "the appointment of a guardian ad litem ... is mandatory and ... the failure to appoint a guardian ad litem for [a parent] in these cases is plain error which requires that the judgments be reversed." Id. at 390, 431 N.W.2d at 613.
The court in In re Interest of M.M., C.M., and D.M. did not discuss whether the parent had been prejudiced by the failure to appoint a guardian ad litem. The omission of this discussion, together with the court's finding that a guardian ad litem's duties and responsibilities are distinct from those of an attorney representing a parent in a termination proceeding, implies that the failure to appoint a guardian ad litem constitutes prejudice per se.
Contrary to the implication in In re Interest of M.M., C.M., and D.M., there are circumstances, such as those present in this case, where a parent is not prejudiced by the failure to appoint a guardian ad litem. Here, Crystal was represented by competent counsel throughout the court proceedings. In addition, she submitted to a competency evaluation which revealed that she was fully capable of understanding the legal proceedings and the ultimate implication of those proceedings. Under the circumstances of this case, there is no indication that Crystal would have benefited in any way by the appointment of a guardian ad litem.
While I do not agree that the failure to appoint a guardian ad litem constitutes prejudice per se or that Crystal was prejudiced in this case, I join in the majority's opinion because of the principle of vertical stare decisis, which compels lower courts to follow strictly the decisions rendered by higher courts within the same judicial system. See State v. Hausmann, 277 Neb. 819, 765 N.W.2d 219 (2009).