[Cite as *In re X.M.*, 2023-Ohio-3956.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: X.M.

C.A. No. 30699

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. DN 21 04 0257

DECISION AND JOURNAL ENTRY

Dated: November 1, 2023

HENSAL, Presiding Judge.

{¶1} Appellant X.M. appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that vacated its prior order dismissing X.M.'s case. This Court reverses and remands.

I.

{¶2} Mother gave birth to X.M. (alternatively, "Child") on April 6, 2016. Genetic testing excluded the two men identified by Mother as alleged fathers for the child. X.M.'s paternity has never been determined.

{¶3} In April 2021, Summit County Children Services Board ("CSB" or "the agency") filed a complaint alleging that X.M. and his two siblings were abused, neglected, and dependent children. Because X.M.'s father was unknown, CSB instructed the clerk of court to serve "John Doe," Child's alleged father, with summons and the complaint. Although John Doe's residence was unknown, the agency instructed the clerk to serve him by posting and certificate of mailing.

After adjudicatory and dispositional hearings, the juvenile court found that X.M. was abused, neglected, and dependent as alleged in the complaint; and placed him in the agency's temporary custody.

{¶4} Subsequently, this Court issued our opinion in *In re C.H.*, 9th Dist. Summit No. 29995, 2021-Ohio-3992, wherein we held that the agency has not effectuated proper service of a complaint on a parent by posting and mailing pursuant to Civil Rule 4.4(A)(2), where it has not included the parent's last known address in its affidavit accompanying its instructions to the clerk for service. *Id.* at ¶29. Thereafter, X.M. filed a motion to dismiss his case based on the agency's failure to perfect service on John Doe.

{¶5} Mother filed a motion to dismiss the complaints regarding all three children, raising both substantive and procedural grounds. Based on concerns that the three siblings were in imminent danger in their respective foster care placements, the maternal grandmother ("Grandmother") filed a motion for emergency temporary custody of the children. The magistrate scheduled a shelter care hearing two days later to address Grandmother's motion.

{¶6} In addition to Mother, a father of one of the siblings, their attorneys, X.M.'s attorney, and the guardian ad litem, the assistant prosecutor and two representatives from CSB attended the shelter care hearing. Grandmother presented two witnesses who were also subject to cross-examination. After the guardian ad litem rendered his opinion, the magistrate informed the parties that he found no probable cause to remove the children from agency custody or place them in the emergency temporary custody of Grandmother.

{¶7} Prior to adjourning the shelter care hearing, the magistrate noted that Mother and X.M. each had pending motions to dismiss. Counsel for X.M. told the magistrate that he was not requesting an evidentiary hearing on his motion and that he would agree to the magistrate's ruling

on the written motion. Child's attorney further had no objection to allowing CSB to file a brief in opposition. The magistrate then inquired of the assistant prosecutor:

> Magistrate: [A]re you okay as it's submitted or would you - - or does anybody need - - or do you need a response time - -
>
> Assistant Prosecutor: No, Your Honor. We're fine. Thank you.
>
> Magistrate: - - with just having me rule on it?
>
> Assistant Prosecutor: Yes.

The magistrate asked the remaining attorneys if they would agree to the court's ruling on the two pending motions to dismiss "without any further argument[.]" All parties agreed to forego a hearing on the motions and allow the magistrate to rule on the issues as briefed.

{¶8} On February 9, 2022, the magistrate issued a decision granting X.M.'s motion to dismiss based on CSB's failure to perfect service on John Doe. The magistrate denied all other motions as moot and closed Child's case. The juvenile court adopted the magistrate's decision the same day. The decision contained the notice pursuant to Rule 40 of the Juvenile Rules that any party could file an objection within 14 days. Both the magistrate's decision and juvenile court's judgment were copied on the assistant prosecutor and CSB Legal Department. The court further issued a notice to the parties, including the assistant prosecutor and CSB Legal Department, of the February 9 judgment. CSB did not file an objection to the magistrate's decision dismissing X.M.'s case.

{¶9} On March 11, 2022, CSB filed a motion to vacate the juvenile court's dismissal of X.M.'s case. The agency argued that it had no reason to know that the case had been dismissed and that, in fact, it believed that no one was aware of the dismissal. The agency's motion made no reference to Rule 60(B). Two hours and 31 minutes later, the magistrate issued an order vacating the February 9 dismissal. At the same time, the juvenile court also issued a judgment

vacating the earlier dismissal order. The judge's judgment contained language pursuant to Rule 40 of the Juvenile Rules of Procedure, indicating that it construed the magistrate's order as a magistrate's decision and thereby notifying the parties of their right to file objections within 14 days. On March 21, 2022, X.M. filed a motion to set aside the magistrate's order and, alternatively, an objection to the magistrate's decision as so construed by the juvenile court. Both the motion and objection were timely challenges to the magistrate's vacation of the dismissal of Child's case. CSB filed a brief in opposition to X.M.'s objection.

{¶10} While Child's objection was pending, the agency moved for permanent custody. It further filed two notices of genetic test reports, both of which excluded men alleged to be X.M.'s biological father. CSB withdrew its motion for permanent custody and refiled it. Various parties filed other sundry motions.

{¶11} On August 31, 2022, a visiting judge held a hearing on all pending motions except the agency's request for permanent custody. The juvenile court addressed Child's objection to the magistrate's decision vacating the earlier dismissal and reinstating Child's case to the active docket. Although X.M.'s counsel informed the court that the parties had fully briefed the issue, the visiting judge ordered them to submit closing arguments and additional briefs within 14 days. Child timely complied. When the agency failed to file a supplemental brief, the juvenile court extended the time in which CSB could do so. The agency filed its brief in opposition to Child's objection, although it contained some arguments not relevant to the procedural history of X.M.'s case.

{¶12} Five months later, after the juvenile court had not yet ruled on Child's objection to the decision that reactivated his case, X.M. refiled his motion to dismiss based on CSB's failure to have properly served John Doe with the complaint. Eight days later, the visiting judge issued a

judgment, apologizing for the delay. Although attributing the objection to the guardian ad litem, the juvenile court substantively addressed Child's objection. In addition, "inasmuch as it is similar, if not identical, to issues raised in prior motions challenging jurisdiction[,]" the trial court also ruled on X.M.'s recently refiled motion to dismiss. Without analysis, the juvenile court overruled Child's objection to the earlier vacation of the dismissal and reinstatement of his case, as well as his alternative motion to set aside; and denied X.M.'s renewed motion to dismiss.

{¶13} X.M. timely appealed. He raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING [CSB'S] MOTION TO VACATE ITS PRIOR ORDER WHICH HAD PREVIOUSLY DISMISSED AND CLOSED THIS CASE.

{¶14} X.M. argues that the juvenile court erred by granting CSB's motion to vacate the court's prior dismissal of Child's case and by reactivating his case. This Court agrees.

{¶15} As an initial matter, this Court addresses CSB's argument that we must dismiss Child's appeal for lack of a final, appealable order. Specifically, the agency argues that both the order dismissing X.M.'s case and the order vacating and reactivating Child's case do not constitute final orders. We previously resolved this issue, holding that both a dismissal of a dependency/neglect/abuse case and the vacation of that dismissal are final, appealable orders. *In re E.H.*, 9th Dist. Summit Nos. 30487 and 30488, 2023-Ohio-2470, ¶ 20-21. Accordingly, this Court possesses the jurisdiction to address the merits of Child's appeal.

{¶16} Child presents multiple, well-developed grounds in his assignment of error in support of his argument that the juvenile court erred by granting CSB's motion to vacate the court's prior dismissal of X.M.'s case. For example, he argues in part that CSB failed to preserve its

challenge to the dismissal by failing to file objections to the magistrate's decision dismissing Child's case, that the agency's motion to vacate was ineffective pursuant to Rule 60(B) of the Ohio Civil Rules, and that the juvenile court's granting CSB's motion without notice or hearing deprived X.M. of due process.

{¶17} In this case, however, the trial court offered no reasoning or grounds for granting CSB's motion to vacate its judgment dismissing the agency's complaint regarding Child. Neither did it justify its rush to ruling before any other parties had received notice of the motion. Moreover, CSB did not assert in its motion under what authority the trial court might properly vacate the prior dismissal. The agency bore the burden of demonstrating that the juvenile court retained jurisdiction to grant the motion to vacate a final judgment. It failed to do so, and the trial court also declined to justify its ruling. Accordingly, under the unique procedural posture of this case, we reverse the trial court's judgment. X.M.'s assignment of error is sustained.

III.

{¶18} X.M.'s sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee-Children Services Board.


JENNIFER HENSAL
FOR THE COURT


CARR, J.
STEVENSON, J.
CONCUR.


APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.

STEPHEN GRACHANIN, Attorney at Law, for Appellee.

BENJAMIN AYERS, Guardian ad Litem.