[Cite as *In re X.M.*, 2024-Ohio-5462.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| IN RE: X.M. | C.A. No.     31103 |
| | |
| | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No.     DN 23 12 1039 |

DECISION AND JOURNAL ENTRY

Dated: November 20, 2024

---

HENSAL, Judge.

{¶1} Appellant Mother appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights and granted permanent custody of X.M. to Summit County Children Services Board ("CSB" or "the agency"). This Court affirms.

I.

{¶2} Mother is the biological mother of X.M., born April 6, 2016. The child's paternity has never been established. In 2021, CSB filed complaints alleging that X.M. and his two siblings were abused, neglected, and dependent children. While the siblings' cases ultimately resulted in permanent dispositions for those children, CSB dismissed X.M.'s case after the agency failed to perfect service of the complaint on "John Doe," the child's alleged father. The agency later sought to vacate its dismissal of X.M.'s case. The juvenile court reactivated the case and subsequently awarded permanent custody of X.M. to CSB. The child appealed and this Court reversed the judgment that reactivated his case. *In re X.M.*, 2023-Ohio-3956, ¶ 1 (9th Dist.).

{¶3}   CSB filed a new complaint alleging that X.M. was a dependent child.  The agency alleged ongoing concerns that Mother had not remedied in the prior case based on her failure to participate in case plan services.  In addition, CSB requested a determination that the agency was not required to use reasonable efforts to attempt to reunify the child with Mother based on the recent involuntary termination of Mother's parental rights as to one of X.M.'s siblings.  The agency further requested a disposition of permanent custody of X.M. in its latest complaint.

{¶4}   The juvenile court held a hearing on CSB's motion for a reasonable efforts bypass determination.  It granted the agency's motion and excused CSB from its obligation to make reasonable reunification efforts.

{¶5}   After an adjudicatory hearing, the juvenile court found that X.M. was a dependent child.  The matter thereafter proceeded to a hearing on the agency's motion for permanent custody. The juvenile court granted CSB's motion and terminated Mother's parental rights to X.M.  Mother appealed and raised one assignment of error for consideration.

{¶6}   After our initial review of the appellate briefs and the entire record, this Court ordered the parties to file supplemental briefs addressing certain issues we identified as potentially relevant to the disposition of the appeal.  While CSB complied with this Court's order and filed a supplemental brief, Mother did not.  This Court will, therefore, address the merits of Mother's argument on appeal as presented in her initial brief.

II.

**ASSIGNMENT OF ERROR**

THE [JUVENILE] COURT ERRED WHEN IT FAILED, DESPITE NUMEROUS FINDINGS OF JUDICIAL FACT OF MOTHER'S INCOMPETENCE, TO APPOINT HER A GUARDIAN AD LITEM DEPRIVING HER OF BOTH HER CONSTITUTIONAL RIGHTS AND HER CHILD'S CUSTODY.

**{¶7}** Mother argues that the juvenile court erred by failing to appoint a guardian ad litem on her behalf. This Court disagrees.

**{¶8}** Mother "concedes" in her brief that her trial counsel failed to raise this issue below. Accordingly, she argues that this Court must review the juvenile court's failure to appoint a guardian ad litem to represent her for plain error.

**{¶9}** Revised Code Section 2151.281(C) and Juvenile Rule 4(B)(3) provide for the appointment of a guardian ad litem for a parent under certain circumstances. To demonstrate plain error based on the juvenile court's failure to appoint a guardian ad litem for her in this case, Mother "would have to show both trial court error and resulting prejudice." *In re E.H.*, 2023-Ohio-2470, ¶ 26 (9th Dist.). Although she acknowledged this burden in her brief, Mother failed to argue how the juvenile court's failure to appoint a guardian ad litem on her behalf prejudiced her. Accordingly, she has not demonstrated plain error by the trial court. Mother's assignment of error is overruled.

III.

**{¶10}** Mother's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
CONCURS.

CARR, J.
CONCURRING.

{¶11} I concur in the majority's opinion but write separately to express my concerns with respect to appointing a guardian ad litem for a parent in a case involving the termination of that parent's parental rights given the uncertainties in the current state of the law. I encourage the legislature and Ohio Supreme Court to consider these issues and provide the courts with additional guidance.

{¶12} R.C. 2151.281(C) states that "[i]n any proceeding concerning an alleged or adjudicated delinquent, unruly, abused, neglected, or dependent child in which the parent appears to be mentally incompetent or is under eighteen years of age, the court shall appoint a guardian ad litem to protect the interest of that parent." Juv.R. 4(B)(3) contains a similar provision.

**{¶13}** Despite these seemingly simple provisions, there remains a large degree of uncertainty in applying them. First, there is the matter of what must be shown to demonstrate that the parent is or appears to be mentally incompetent. It is unclear if the law requires a finding by the probate court that the parent is incompetent or a finding by the juvenile court that the parent cannot assist in his or her defense. There is also a lack of clarity in the role of the guardian ad litem and the extent to which the parent must abdicate control of the direction of the litigation. *See In re Samuel A.*, 69 Cal.App.5th 67, 70 (2021) (discussing why it is problematic to appoint a guardian ad litem for a parent who is difficult to deal with but otherwise competent in light of the difference in role the parent plays in the litigation once a guardian ad litem is appointed); *see also In re Interest of M.M.*, 230 Neb. 388, 389-390 (1988) (discussing the role of the guardian ad litem); *In the Matter of Burt*, 1976 WL 189098, *1 (11th Dist. June 21, 1976) (noting that the role of the parent's attorney is not the same as that of a guardian ad litem).

**{¶14}** In addition, I would encourage the legislature to consider that appointing a guardian ad litem might not always be appropriate even if the parent is determined to be mentally incompetent. "A parent unable to understand the proceedings and unable to assist his or her attorney would likely be similarly unable to assist a guardian ad litem, and could be at a severe disadvantage in a termination proceeding because of his or her incapacity." *In re Alexander V.*, 223 Conn. 557, 563 (1992). If a parent could be restored to competency in a relatively short amount of time, a brief stay of the proceedings could be more prudent and might render a guardian ad litem unnecessary. *Id.* at 564.

APPEARANCES:

ALEXANDRA HULL, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, or Appellee.

BENJAMIN AYERS, Guardian ad Litem.