Filed 8/29/24  Reynolds v. AHM Resicom CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| RASHYN REYNOLDS,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>AHM RESICOM LLC,<br><br>Defendant and Respondent. | B323202<br><br>(Los Angeles County<br>Super. Ct. No.19STCV13678) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Shirley K. Watkins, Judge.  Affirmed.

Rashyn R. Reynolds, in pro. per., for Plaintiff and Appellant.

Phillips, Spallas & Angstadt, Matthew A. Gardner, Kristin A. Messih for Defendant and Respondent.

Appellant Rashyn Reynolds appeals from the judgment entered against her following the bench trial of her general negligence claim against her former landlord, respondent AHM Resicom, LLC (AHM). Reynolds, who is proceeding in propria persona, filed a brief that relies largely on citations to documents outside the appellate record, despite being expressly notified of the need to file a motion to augment the record and a brief that conforms with the requirements of the California Rules of Court.

Reynolds appears to argue that the trial court erred by denying her request for leave to amend the operative complaint; dismissing her co-plaintiff, Alain Cook, and her minor son, A.R., from the case; admitting and relying upon hearsay evidence introduced by AHM; and failing to credit evidence Reynolds introduced. We conclude most of her arguments are forfeited due to the inadequacy of the record and briefing. To the extent the arguments are cognizable, Reynolds has not established reversible error. We accordingly affirm.

## FACTUAL BACKGROUND

No court reporter was present for the three-day bench trial or any pretrial proceedings in this case, and no settled statement was certified, stipulated to, or properly filed in the appellate court. (See Cal. Rules of Court, rule 8.137(h).) We accordingly draw the facts from the limited record on appeal, which includes the trial court's statement of decision, its ruling on Reynolds's objections to the tentative statement of decision, and its "Corrections and Modifications to the Appellant's Proposed Settled Statement." Reynolds disputes the court's factual findings, but her "Statement of Pertient [*sic*] Facts" contains no citations to the record, and her arguments predominantly cite to extra-record documents.

2

AHM owns a seven-unit rent-controlled apartment building in Winnetka. Prior to AHM's acquisition of the property, a previous owner divided 3-bedroom, 2-bath Apartment 1 into two separate apartments with separate entries: 2-bedroom, 1-bath Apartment 1 and 1-bedroom, 1-bath Apartment 1A. Apartments 1 and 1A were connected by a pocket door, which had been closed, locked, and covered with a temporary wall made of "durable plywood material." In late 2017 and early 2018, AHM was in the process of installing a permanent wall between Apartments 1 and 1A.

In late 2017, Reynolds was referred to AHM through a program that provides housing resources. The program provides rental assistance through grants similar to Section 8 housing and requires the housing in question to meet certain standards. On January 2, 2018, Reynolds, AHM property manager Harry Ghahyazi, and "housing locator" Daniel Lopez inspected Apartment 1. During the inspection, Ghahyazi told Reynolds that AHM was going to replace the temporary wall with a permanent wall and that she would have to vacate the apartment while construction occurred.

Reynolds signed a lease for Apartment 1 on January 2, 2018. The lease provided that the only authorized occupants of the apartment were Reynolds and her son, A.R., and additional occupants needed to be approved by AHM. Reynolds also signed paperwork regarding the construction of the permanent wall.

Reynolds, A.R., and Cook—who was not on the lease or otherwise authorized by AHM to reside in the apartment— subsequently moved into Apartment 1. "[A]lmost immediately," AHM began receiving complaints from neighbors about "screaming and yelling, banging, smoking, arguing and loud

3

noises from [Reynolds's] apartment, especially late at night."[1] Neighbors also complained about Cook being violent toward them and threatening to kill them. Ghahyazi told Reynolds multiple times that Cook was not allowed to live in the apartment and needed to leave. AHM never received any complaints from Reynolds or the housing program about any issues with the apartment, including the temporary wall or the windows. Expert witness Dwayne Brown testified that the temporary wall was sturdy and secure and in compliance with relevant codes, and expert witness Alan Snyder testified that AHM acted within the standard of care for a landlord.

On March 13, 2018, AHM filed an eviction case against Reynolds, alleging violations of her lease based on a three-day notice to cure or quit concerning Cook's unauthorized occupancy, disturbing the peace, and marijuana smoking. The eviction case proceeded to uncontested trial on April 10, 2018, resulting in a judgment of full possession for AHM and damages against Reynolds. A five-day notice to vacate was posted on April 26, 2018, and the Sheriff's Department locked Reynolds out of the apartment on May 3, 2018. The apartment was "dirty and unkempt" and "in much worse condition after [Reynolds's] tenancy." It was mostly empty, save for "a few miscellaneous items" "of little monetary value." Reynolds was reimbursed for the items and did not suffer any out-of-pocket losses.

Shortly after the lockout, Reynolds and Cook returned to the apartment and found they were unable to get in. Cook used his elbow to break a window at the rear of the apartment after he was unable to force it open. An AHM handyman witnessed the

---

[1]     Reynolds acknowledged that she and Cook had a "tumultuous relationship."

4

incident, some of which was also caught on videotape. Cook fled the scene before police arrived. He went to the emergency room, where he was admitted and scheduled for surgery on his arm the following day. He left the hospital against medical advice before the surgery was performed.

## PROCEDURAL HISTORY

Reynolds, Cook, and A.R. filed a complaint against AHM on April 19, 2019. They filed the operative third amended complaint on January 10, 2020; Reynolds asserted claims of general negligence relating to the temporary wall and condition of the apartment and Cook asserted claims of premises liability.[2] Reynolds filed several applications for an order appointing a guardian ad litem for A.R. but did not obtain counsel to represent him. The trial court dismissed A.R. from the case without prejudice in April 2021.

The matter proceeded to bench trial on May 25, 2022. No court reporter was present. Cook did not appear. On AHM's oral motion, the court dismissed Cook from the case without prejudice pursuant to Code of Civil Procedure section 581, subdivision (b)(5). The court heard testimony from Reynolds, AHM's property manager Harry Ghahyazi, property management expert Allan Snyder, and general contractor expert Dwyane Brown. The court admitted various exhibits introduced by both sides, and took judicial notice of documents pertaining to the unlawful detainer case AHM filed against Reynolds.

---

[2] Reynolds suggests that she also asserted causes of action for fraud and infliction of emotional distress. The record does not support this assertion; indeed, it makes clear that "[f]raud and deceit were not claims at trial."

5

Following trial, the court prepared a tentative statement of decision and findings of fact. Reynolds filed objections to the tentative, which the court largely overruled in a written ruling filed July 28, 2022.[3] The court issued its final statement of decision the same day. In the statement of decision, the court found the facts outlined above. It also specifically found the bulk of Reynolds' testimony not credible. The court concluded there were no credible facts to support Reynolds's claim for damages. It further concluded that AHM prevailed on five affirmative defenses: contributory negligence; failure to mitigate damages; consent to condition of the premises; unclean hands; and violations of the rental agreement. The court entered judgment in favor of AHM and against Reynolds. It awarded AHM its costs and attorney fees, if allowed by contract or law.

Reynolds timely filed a notice of appeal on September 6, 2022. Her notice designating the record on appeal, filed on November 10, 2022, indicated that she intended to proceed with an appellant's appendix and a settled statement. Reynolds filed a form proposed settled statement on December 15, 2022. She checked a box indicating that she intended to argue that the judgment was not supported by substantial evidence. She also wrote in that AHM "submitted defective evidence of pictures, videos, witnesses and statements intentionally." Reynolds purported to summarize portions of testimony by witnesses Ghahyazi, Snyder, and Brown. She also included lists of exhibits she asserted were improperly admitted and improperly excluded, but did not follow the form's directions to "[i]nclude any objections and the court's ruling on those objections."

---

[3] The sole objection the court sustained was to the inadvertent misspelling of A.R.'s surname in the tentative.

6

AHM filed a form response to Reynolds's proposed settled statement on January 3, 2023. It disputed Reynolds's summaries of witness testimony and exhibits, and requested clarification regarding her objections to the trial court's findings.

On March 23, 2023, the trial court filed a document titled "Trial Court's Corrections and Modifications to the Appellant's Proposed Settled Statement Pursuant to California Rules of Court 8.137(f)(3)(B)(i)." The court noted that Reynolds's summaries of witness testimony were "incomplete and inaccurate," and corrected them with lengthy summaries of all witness testimony, including Reynolds's. The court also listed the admitted exhibits and documents of which it took judicial notice. The clerk mailed the document to the parties the same day. It does not appear that any further proceedings regarding the settled statement occurred, such as the certification of or stipulation to the settled statement, or transmission to the appellate court. (See Cal. Rules of Court, rule 8.137(h).)

On November 27, 2023, this court dismissed Reynolds's appeal for failure to timely file an opening brief. Reynolds subsequently filed a motion to reinstate the appeal, along with an opening brief and a document she called "Appellant's Settled Statement." "Appellant's Settled Statement" consisted of various documents from the case, including exhibits and minute orders, that are not included in the appellate record. It did not include anything related to the settled statement proposed by Reynolds or modified by the trial court.

On December 27, 2023, this court issued an order vacating the dismissal order and reinstating the appeal. The order denied permission to file "Appellant's Settled Statement," stating, "Appellant must file a motion to augment the record pursuant to

California Rules of Court, rule 8.155 if appellant would like to add documents to the record on appeal." It further denied permission to file the opening brief: "Appellant's brief does not conform to the content and format requirements of California Rules of Court, rule 8.204. Any reference to a matter in the record on appeal must be supported by a citation to the volume and page number where the matter appears. (California Rules of Court, rule 8.204(a)(1)(C).) The brief must, at a minimum, cite to the record as to factual statements and trial court orders. Appellant's arguments may be forfeited for failure to cite to the record." This court gave Reynolds 30 days in which to file a compliant opening brief.

Reynolds did not file a motion to augment the record. She filed her opening brief on January 29, 2024. It is substantively identical to the brief this court rejected as nonconforming on December 27, 2023. The facts section does not contain any citations to the record. Of the approximately 30 record citations in the argument sections of the brief, only 10 refer to the appellate record. The remaining citations are to the "Appellant's Settled Statement," which is not part of the appellate record.

## DISCUSSION

"It is a fundamental rule of appellate review that a judgment is presumed correct and the appealing party must affirmatively show error." (*In re Marriage of Khera & Sameer* (2012) 206 Cal.App.4th 1467, 1484; see *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Because error must be affirmatively shown, it is the appellant's burden to provide an adequate record to the reviewing court to establish that error. (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348; *Gee v. American Realty & Construction, Inc.* (2002) 99

8

Cal.App.4th 1412, 1416 (*Gee*).) An appellant's failure to provide an adequate record for appellate review requires the reviewing court to resolve the issue against the appellant. (*Gee*, *supra*, 99 Cal.App.4th at p. 1416; see also *Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412 ["We cannot presume error from an incomplete record."].)

Reynolds was required to support her factual assertions with citations to evidence in the record; she failed to do so, in violation of the court's rules and the express directive this court made when reinstating her appeal. (See Cal. Rules of Court, rule 8.204(a)(1)(C) [appellate briefs must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"] and rule 8.204(a)(2)(C) [appellant's opening brief must "[p]rovide a summary of the significant facts limited to matters in the record"].) To the extent her arguments are unsupported by citations to evidence in the record, Reynolds has forfeited her claims on appeal. (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

The fact that Reynolds is representing herself does not change these procedural requirements or ultimate outcome. "Under the law a party may choose to act as his or her own attorney. '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' Thus, as is the case with attorneys, pro. per. litigants must follow correct rules of procedure." (*Nwosu v. Uba*, *supra*, 122 Cal.App.4th at pp. 1246–1247, citing *Kabbe v. Miller* (1990) 226 Cal.App.3d 93, 98; *Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193 [self-represented party "held to the same restrictive procedural rules as an attorney"].)

9

Here, the record and briefing are inadequate to support the bulk of Reynolds's arguments.  She appears to assert that the trial court erroneously denied her motion to amend causes of action for fraud and infliction of emotional distress, but no such motion or ruling appears in the record.  She also appears to contend that the court improperly admitted and relied upon voluminous hearsay evidence introduced by AHM.  However, none of the exhibits she challenges are in the record.  More importantly, there is no indication that Reynolds timely objected to the exhibits on hearsay grounds during trial.  "To obtain reversal based on the erroneous admission of evidence, the record must show a timely objection making clear that specific ground." (*Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 726; see also Evid. Code, § 353.)  The record shows only that Reynolds "objected to evidence and testimony" on unspecified bases during trial, and that three defense exhibits, Nos. 103, 104, and 106, were "admitted not for the truth of the matter, [and were] only relevant to the state of mind of Mr. Ghahyazi in deciding whether to evict and his fear of Mr. Cook."

Reynolds also appears to argue that the court erred by making adverse credibility findings as to evidence Reynolds introduced.  "Venerable precedent holds that, in a bench trial, the trial court is the 'sole judge' of witness credibility.  [Citation.]  The trial judge may believe or disbelieve uncontradicted witnesses if there is any rational ground for doing so.  [Citation.]  The fact finder's determination of the veracity of a witness is final. [Citation.]  Credibility determinations thus are subject to extremely deferential review." (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 582.)  "Fact finders see and hear witnesses.  The finder of the facts has a view appellate courts lack.  That

10

view is better." (*Ibid.*) There is no basis in the record from which to conclude the court's credibility determinations were erroneous or unsupported.

To the extent Reynolds's argument can be construed as a challenge to the sufficiency of the evidence supporting the judgment, it is unsupported and unpersuasive. We generally review a judgment based upon a statement of decision following a bench trial for substantial evidence. (*Symons Emergency Specialties v. City of Riverside* (2024) 99 Cal.App.5th 583, 596 (*Symons*).) That means "'our review begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the trial court's factual determinations.'" (*Ibid.*) "If . . . 'substantial' evidence is present, no matter how slight it may appear in comparison with the contradictory evidence, the judgment must be upheld." (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 631.) Where, as here, the trier of fact concluded that the party with the burden of proof did not carry that burden, the question becomes whether the evidence compels a finding in favor of the appellant as a matter of law. That is, to prevail, the appellant must show that his or her evidence was uncontradicted or unimpeached and of such character and weight as to leave no basis from which to conclude it is insufficient to support a finding. (*Symons, supra*, at p. 597.)

Reynolds cannot meet this high standard. The absence of a reporter's transcript or other proper record of the proceedings, such as an agreed or settled statement, generally precludes a sufficiency of the evidence claim. (See, e.g., *People ex rel. Harris v. Shine* (2017) 16 Cal.App.5th 524, 533.) "Without a record, either by transcript or settled statement, a reviewing court must

11

make all presumptions in favor of the validity of the judgment." (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935.)  To the extent the trial court's corrections and modifications of Reynold's proposed settled statement serve the function of documenting the trial proceedings, they reveal no error.  The court's summary of the witness testimony demonstrates that Reynolds's evidence was not uncontradicted or unimpeached.

Reynolds's final two arguments relate to the dismissal of Cook and A.R. from the case.  Neither has merit. Reynolds, who is not a licensed attorney, cannot make arguments on behalf of Cook, who is not a party to this appeal.  "[N]o person who is not an attorney may represent another in a legal proceeding." (*Torres v. Friedman* (1985) 169 Cal.App.3d 880, 887, accord, Bus. & Prof. Code, § 6125 ["No person shall practice law in California unless the person is an active licensee of the State Bar."].)  "By definition, one cannot appear in 'propria' persona for another person."  (*Drake v. Superior Court* (1994) 21 Cal.App.4th 1826, 1830-1831.)  This principle also underlies the court's dismissal of A.R. from the action.  Although it appears that Reynolds filed paperwork to appoint a guardian ad litem for A.R., she did not obtain an attorney to represent him. Reynolds could not represent A.R. herself.  (See *J.W. v. Superior Court* (1993) 17 Cal.App.4th 958, 965-968.)  The court accordingly did not err by dismissing him from the case.

## DISPOSITION

The judgment is affirmed.  Respondent AHM may recover its costs of appeal.

12

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, ACTING P. J.

We concur:


MORI, J.


ZUKIN, J.